**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

BENNIE WREN BOLTON, also
known as Ray Wilson,

　　　　Defendant-Appellant.

No. 98-5142
(D.C. No. 97-CV-401-E)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

---

　　　　After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.　See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).　The case is

therefore ordered submitted without oral argument.

---

\* 　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.　The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Bennie Wren Bolton appeals from the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The district court denied relief on the merits, granted appellant leave to proceed in forma pauperis on appeal, and denied him a certificate of appealability. We also deny appellant a certificate of appealability, and dismiss the appeal.

Appellant was found guilty on firearms charges. His conviction and sentence were affirmed on appeal. To obtain a certificate of appealability, appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Appellant argues that his appellate counsel provided ineffective assistance because she did not argue that the district court: (1) constructively amended the indictment by correcting the serial number on the firearm he was accused of possessing; (2) erred by allowing the government to inform the jury in its opening statement that he was previously convicted of armed robbery; and (3) violated 18 U.S.C. § 3161(c)(2) by not allowing him adequate time to prepare for trial.

A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo. See Cooks v. Ward, 165 F.3d 1283, 1292 (10th Cir.1998). To demonstrate that his attorney provided ineffective assistance, appellant must show, first, that his attorney "made errors so serious that [she] was

-2-

not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). In addition, appellant must demonstrate "that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." Id.

We have carefully reviewed appellant's brief, the district court's order, and the record on appeal. The district court thoroughly discussed appellant's arguments in light of the evidence presented at trial. We find no merit to appellant's claims of error.

Appellant's application for a certificate of appealability is denied, and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge